**RESIDENTIAL & RESORT ASSOCIATES, INC.,**
Respondent,

v.

**William WOLFE & Chevron/Sierra Land Co., LLC, Appellant.**

**No. WD 69064.**

Missouri Court of Appeals,
Western District.

Jan. 6, 2009.

James W. Gallagher III, Jefferson City, MO, for appellant.

Jerry Dean Rank, Overland Park, KS, for respondent.

RONALD R. HOLLIGER, Judge.

This appeal arises from the grant of a motion to enforce settlement agreement. Wolfe and Chevron/Sierra Land Co., LLC, raise two points on appeal. Based on their first point, we find that the trial court lacked jurisdiction to consider the motion because the motion sought affirmative relief (a monetary judgment) which was not raised in Residential & Resort Associates, Inc.'s pleadings. Thus, the trial court's judgment is void. We vacate the judgment as a nullity, and since all properly plead claims have been dismissed, there is nothing for the trial court to consider and the entire action should be considered dismissed without prejudice.

## Facts and Procedural Background

Residential & Resort Associates, Inc., (R&R) sued for commissions due under a contract with William M. Wolfe and Chevron/Sierra Land Co., LLC, (Wolfe). Under the terms of the contract, R&R developed and sold real estate owned by Wolfe in Missouri, and would receive a commission of thirty percent from the sale of each parcel of real estate. R&R did not have a real estate license in the State of Missouri at the time they completed any of their work for Wolfe.

R&R sought to hypothecate[1] existing contracts for deed to a lender in order to accelerate cash flow from those contracts. The parties had done this twice, but when R&R requested a third hypothecation, Wolfe refused and the matter went to arbitration under the terms of the contract. During the arbitration proceedings, Wolfe exercised its contractual right to terminate the contract. The arbitration proceedings were dismissed, and Wolfe and R&R entered into a settlement agreement, which continued payment of commissions for properties which R&R was receiving at the time of the termination.

Later, another dispute arose over whether certain real estate contracts should be considered "active" contracts for which R&R was entitled to thirty percent. R&R filed a petition over this dispute. R&R filed several amended petitions culminating in its third amended petition. Wolfe continued to pay R&R thirty percent on the undisputed contracts, until sometime after the lawsuit was filed, when Wolfe claims to have first learned that R&R was not a licensed Missouri real estate agent. Wolfe filed a counterclaim, alleging that R&R had fraudulently procured the contract because R&R did not have a Missouri real estate license. In response, R&R voluntarily dismissed their third amended petition and filed a case in the United States District Court for the Western District of Missouri, which dismissed the case due to Morgan County's jurisdiction over the counterclaim. At this point, the only claim pending was Wolfe's counterclaim. Two months later, R&R requested leave to file a reply to the counterclaim and filed a reply to Wolfe's counterclaim. The reply contained affirmative defenses but made no claim for affirmative

---

1. The hypothecation process involved Wolfe assigning real estate sales contracts produced by R&R to a lender for fifty or sixty percent of the unpaid proceeds to be collected on the real estate contracts. The lender would collect the proceeds of the contract until it collected the amount lent plus interest, and then the deed was assigned back to Wolfe. Wolfe received seventy percent of the proceeds from the lender, and R&R received the remaining thirty percent.

relief for alleged breach of any settlement agreement. R&R sought leave to file a fourth amended petition. The record contains no response to this motion, but it is clear that no fourth amended petition was filed. One year later, R&R filed a motion to enforce the settlement agreement. R&R subsequently requested a trial setting, and a few months later filed an amended motion to enforce settlement agreement.

In its amended motion, R&R argued that the settlement agreement was a complete and full settlement of all contract disputes. R&R argued that Wolfe had violated the terms of the settlement agreement and included a prayer requesting affirmative relief in the form of a full and complete accounting, and payment of thirty percent "of all gross proceeds received from all contracts in which [R&R] has an interest as required under the Agreement." Wolfe challenged the motion arguing that the court did not have jurisdiction to consider the motion because only the counterclaim remained in issue, and the settlement had no relation to the counterclaim for fraud.

The trial court held an evidentiary hearing on the motion and entered a purported interlocutory judgment enforcing the settlement agreement and ordered Wolfe to make a full accounting and pay thirty percent of gross proceeds due and owing to R&R. The court reserved jurisdiction over the payments and reserved judgment on interest and other costs to be determined at a later date. Wolfe filed a motion to set aside the interlocutory judgment, which was denied.

A few months later, Wolfe dismissed its counterclaim without prejudice and filed an objection to all court proceedings from the point at which R&R dismissed its third amended petition. Wolfe argued in each of its filings with the court after the mo-

tion to enforce settlement agreement that the court did not have jurisdiction to consider the motion because of the voluntary dismissal of R&R's petition.

Wolfe and R&R stipulated to an amount reached during the accounting although Wolfe continued to maintain that the trial court lacked jurisdiction to consider the motion or that R&R was entitled to the money. The court entered its final order enforcing settlement agreement and judgment, ordering Wolfe to pay $270,872.35, the amount stipulated by the parties. Wolfe appeals, arguing first that the trial court lacked jurisdiction to enter the judgment because R&R had dismissed its claim voluntarily; and second, that if the trial court had jurisdiction, it erred in entering judgment because R&R lacked standing to bring the suit because it was not a licensed Missouri real estate agent, and section 339.160 RSMo 2000 bars real estate brokers from bringing this type of action. We vacate the judgment of the trial court as void for lack of jurisdiction.

## Standard of Review.

■ We affirm the judgment in a court tried case unless it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

In its first point, Wolfe argues that R&R's voluntary dismissal of its case removed jurisdiction from the trial court to hear its motion. Wolfe's second point argues that even if the trial court had jurisdiction, R&R must lose on the merits of its case. We find that the court did not have jurisdiction, and because this is dispositive, we will not address the second point.

■ Before we consider the merits of an appeal, we must determine whether we

have jurisdiction to consider the appeal. *In re Estate of Pittsenbarger,* 136 S.W.3d 558, 560 (Mo.App. W.D.2004). An appellate court has no jurisdiction to consider the merits of a void judgment. *Id.*

 Relief granted in a judgment is limited to that sought in the pleadings. *McCord v. Gates,* 159 S.W.3d 369, 375 (Mo.App. W.D.2004). To the extent that the judgment goes beyond the pleadings, it is void. *Id.* "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 55.33(b); *See McCord,* 159 S.W.3d at 375. However, application of this rule is limited to when the evidence bears only on the unpleaded issue and not upon issues already in the case. *McCord,* 159 S.W.3d at 375.

█ The issues in the motion to enforce settlement agreement did not appear in the counterclaim, and the only pleading R&R had after the voluntary dismissal of its third amended petition was its reply to Wolfe's counterclaim, which made no prayer for affirmative relief. R&R did include an affirmative defense that "Counterclaim Plaintiff's claims are barred as they first breached their Agreement with Counterclaim Defendants." This affirmative defense requires proof that Wolfe breached the settlement agreement, which is precisely what the motion to enforce settlement agreement required, and what the evidence at the hearing sought to prove. Thus, Rule 55.33 is not implicated, because the issue was presented in the pleadings. Because there was no claim for affirmative relief in the reply, the judgment of the trial court granting relief is void.

█ Respondents argue that a motion to enforce settlement agreement is the correct mode to seek relief in this case. However, the citations they provide do not support this argument. Such a motion is a correct source for relief in a *pending* case for which a settlement has been reached. *McKean v. St. Louis County, Mo.,* 964 S.W.2d 470, 471 (Mo.App. E.D.1998). R&R's argument fails because the settlement did not arise from pending litigation, in that it was reached during arbitration and no litigation was pending at the time. Additionally, the litigation in this case arose several years after the settlement agreement. Thus, a motion to enforce settlement agreement is not the appropriate way to proceed. Rather, an action for breach of the settlement agreement seeking either monetary and/or equitable relief was required.

Because the trial court did not have jurisdiction to enter a judgment based on the motion, its judgment is void. Accordingly, we vacate the judgment of the trial court as a nullity. Because the counterclaim has been dismissed and no further claims are pending, this case is also dismissed without prejudice.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.