

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

GREGORY J. EVERS, AS TRUSTEE OF THE )      No. ED107523
EVERS TRUST DATED 5/19/2016, ET AL., )

                Respondents,     )      Appeal from the Circuit Court
                                )      of Jefferson County

vs.                             )
                                )      Honorable Mark T. Stoll

CHRISTOPHER CHOATE AND JANET     )
CHOATE,                            )
                                )

                Appellants.       )      FILED: November 19, 2019

### Introduction

Christopher and Janet Choate (the "Choates") appeal from the trial court's judgment establishing a road maintenance agreement in a residential subdivision. The Choates raise two points on appeal. First, the Choates claim that the trial court erred in appointing property owners abutting the road as trustees of the newly formed association for road maintenance (the "Rim Road Association"), because Section 228.369.3[1] only provides for the appointment of disinterested commissioners. The Choates further allege that the trial court erred by imposing an annual assessment of four hundred dollars on the property owners because the amount was against the weight of the evidence or unsupported by substantial evidence. Because the trial court did not appoint commissioners in the course of establishing the road maintenance plan,

---

[1] All Section and Chapter references are to RSMO (2016), unless otherwise indicated.

Section 228.369.3's requirement that the commissioners be disinterested does not apply. Because the parties presented evidence at trial regarding the road's repair and maintenance needs as well as the past and present abilities of the property owners to pay, the trial court's annual assessment of four hundred dollars was supported by the evidence. Accordingly, we affirm the judgment of the trial court.

<u>Factual and Procedural History</u>

This action concerns a private road ("Rim Road") located in a subdivision in Jefferson County. In November 2017, Gregory J. Evers ("Evers"), on behalf of the Gregory J. Evers Trust, and other property owners (collectively, "Respondents") petitioned to establish a road maintenance agreement for the subdivision to address the poor condition of Rim Road and the impact on ingress and egress. During the pendency of the case, the Choates purchased property abutting Rim Road, while Evers has since sold the trust property. Evers is one of ten respondents; the nineteen parties in the underlying case own real property in the subdivision bordering Rim Road. Prior to trial, Respondents submitted a proposed plan of maintenance, which called for the formation of the Rim Road Association and appointment of initial trustees.

The case proceeded to trial on September 18, 2018. Five property owners, including Evers, Patricia Moore ("Moore"), and Christopher Choate, testified about the poor condition of Rim Road. None of the parties disputed that Rim Road was in a state of disrepair or that a road maintenance plan was needed. Evers and Moore testified regarding the impact of Rim Road's poor condition on the subdivision as well as concerns about access and safety by emergency and postal services. Moore testified that during the 1970s and 1980s, owners paid an annual assessment of approximately $180.00 to maintain Rim Road. Evers testified about voluntary efforts to establish a road maintenance agreement that never materialized. Various bids to repair the road were submitted into evidence, and Evers further testified that estimates ranged between

2

sixty-five thousand and seventy-five thousand dollars. Another property owner testified regarding the inability of some property owners to pay a large single special assessment, and suggested the payment of smaller amounts to improve the road. Christopher Choate testified about his expertise in road construction and maintenance, some work he did on the road, and the need for fair and knowledgeable management of any association formed for purposes of maintaining Rim Road.

The trial court entered judgment granting Evers's petition to establish a road maintenance plan for Rim Road on December 4, 2018. The trial court's judgment stated that all property owners were responsible for the maintenance and upkeep of Rim Road, including snow and ice removal, sealing, repair, repaving, and clearing debris. The trial court ordered all property owners to pay an annual assessment of four hundred dollars. The trial court then directed the parties to form the Rim Road Association and appointed three property owners to initially serve as president, secretary, and treasurer, respectively, to be followed thereafter by an election process. Among the initial trustee appointments, the trial court appointed Moore as president and Christopher Choate as treasurer. The Choates now appeal.

## Points on Appeal

The Choates raise two points on appeal. In Point One, the Choates contend that the trial court erred in appointing the abutting property owners as trustees of the Rim Road Association because they are not disinterested commissioners as required under Section 228.369. In Point Two, the Choates argue that the trial court erred in requiring all property owners to pay an annual assessment of four hundred dollars because the judgment was against the weight of the evidence or unsupported by substantial evidence in that no evidence was presented to support the assessed amount.

3

<u>Standard of Review</u>

We review a court-tried case for whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. <u>Stieren v. Grothaus</u>, 559 S.W.3d 70, 72 (Mo. App. E.D. 2018) (citing <u>Murphy v. Carron</u>, 536 S.W.2d 30, 32 (Mo. banc 1976)). We defer to the trial court's judgment on findings of fact, even where the evidence could support a different conclusion. <u>Id.</u> We further "defer to the trial court's ability to view the witnesses and determine credibility, keeping in mind that the trial court is free to believe or disbelieve all, part, or none of the testimony of any witness." <u>Anderson v. Mantel</u>, 171 S.W.3d 774, 777 (Mo. App. S.D. 2005) (internal citation omitted). However, we review de novo issues of statutory interpretation, which present questions of law. <u>Short v. S. Union Co.</u>, 372 S.W.3d 520, 532 (Mo. App. W.D. 2012).

<u>Discussion</u>

**I.    Point One—Appointment of Trustees to the Rim Road Association**

Missouri law expressly allows one or more owners of a private road to petition the circuit court to judicially establish a plan of road maintenance. Section 228.369.1. Among the procedural tools available to the trial court to facilitate the litigation process is an option under Section 228.369.3. Under this provision, the trial court may, but is not required to, appoint a disinterested three-person commission of fact-finders from the community at large to assess the road status and submit a report for a recommended plan prior to judgment:

> The court may implement the same procedures to order and subsequently determine a plan of maintenance for a private road as provided in this chapter for establishing or widening a private road, including the appointment and compensation of disinterested commissioners to determine the plan and the apportionment of costs.

4

Section 228.369.3; see also Sections 228.355 (detailing the appointment, duties, and compensation of a commission), .358 (outlining the procedures for reviewing a commission's report and how parties may challenge it).

The statutory interpretation of the word "disinterested" in Section 228.369.3 is at issue in the Choates's point on appeal. Specifically, the Choates posit that the trial court erred in appointing property owners as trustees of the Rim Road Association because the property owners are parties having an interest in the lawsuit and in the ongoing repair and maintenance of the road. In contrast, Respondents contend that the statutory guidelines for appointing a commission—including requiring its commissioners to be disinterested—do not apply to actions seeking a road maintenance plan because a trial court is authorized to appoint a commission only in actions for establishing or widening a road.

A. The Trial Court Did Not Appoint Commissioners

The Choates's first point on appeal fails because the trial court's authority to review and consider a petition seeking the establishment of a plan of road maintenance is not constrained by its discretionary authority to appoint disinterested commissioners under Section 228.369.3. In reviewing this point, we first look to the plain meaning Section 228.369.3 and consider its relevance. See Short, 372 S.W.3d at 532 (internal citation omitted) ("The primary rule of statutory construction is to ascertain the intent of the legislature by construing words used in the statute in their plain and ordinary meaning unless the legislature has defined particular words or phrases."). Critically, the trial court did *not* appoint commissioners in this case—nor was the trial court required to do so. In determining a plan of maintenance for Rim Road under Section 228.369, subsection 3 *allows* the trial court to appoint commissioners similar to how the court is required to do for the initial establishment of a private road or widening of a private road under Section 228.355. However, the record shows that the trial court did not appoint commissioners

5

to review the road maintenance plan and apportion costs; nor was the trial court statutorily required to do so.

Notably, the mandatory language of Section 228.35—that "the court *shall* appoint three disinterested citizens . . . as commissioners" upon an order to establish or widen an existing private road—is not repeated in Section 228.369.3 which reads "[t]he court *may* implement the same procedures . . . including the appointment and compensation of disinterested commissioners[.]" (emphases added). Simply stated, the trial court is not required to, and did not exercise the option to, appoint disinterested commissioners to assess the road and report its recommendations for the parties to review (and, if necessary, challenge) prior to judgment. Instead, the property owners presented evidence and testimony about the condition of Rim Road and their differing goals for a maintenance plan, its management by an association, and apportionment of costs. No commission was formed, no commissioners were appointed or paid, and no commission report was requested or filed.

As part of its judgment, the trial court directed the property owners to form the Rim Road Association for the purpose of maintaining the road. The record includes testimony from various witnesses suggesting the necessity of forming an association to provide for the ongoing maintenance of the road. In anchoring their challenge to the formation of the Rim Road Association to Section 228.369.3's requirement for disinterested commissioners, the Choates misguidedly characterize the association as a commission and its appointed members as commissioners. The Rim Road Association is not a commission as contemplated by Section 228.369.3; rather, the association is the subdivision's newly established non-profit corporation of property owners formed to manage the maintenance of the shared private road. The record is clear that the trial court appointed the Rim Road Association's initial members from the pool of

property owners, while outlining procedures for future elections. The three appointees all testified at trial to their willingness to execute a maintenance plan for Rim Road. Although Christopher Choate now attacks the validity of his appointment to the association, he testified at trial about his experience in road-maintenance engineering and contracting, as well as his desire for forming a fair association to manage the road maintenance.

An understanding of the function of a commissioner in matters relating to the taking of property underscores the Choates's misguided challenge. Commissioners are appointed as fact-finders with the purpose of establishing damages that will befall a property owner upon the taking or use of property for a public purpose. See Anderson, 171 S.W.3d at 779–80. The establishment of a private road or widening of an existing private road for the benefit of all abutting property owners will generally involve the taking and/or use of an individual's private property. The statutory appointment of commissioners to assess damages to the private property owner and report such assessment to the trial court prior to judgment was designed to guarantee an individual's constitutionally-protected property rights. See id. at 780–81; see also Daniels v. Richardson, 762 S.W.2d 55, 59 (Mo. App. W.D. 1988).

Contrary to the purpose for appointing commissioners, here the trial court established the Rim Road Association to provide for the execution of the road maintenance plan and further to enable the property owners to maintain the road into the future without maintenance lapsing. The record does not suggest that executing the road maintenance plan involved any taking of property. Nor did the trial court appoint the trustees to find facts and assess damages to be reported to the trial court prior to its entry of judgment. To the contrary, the trustees were appointed as part of the judgment entered by the trial court to assure implementation of the road maintenance plan. Because the trial court did not appoint commissioners when establishing the

7

Rim Road maintenance plan, the trial court did not violate the statutory procedures for appointing commissioners as suggested by the Choates.

B.    Commissioners May Be Appointed When Establishing a Road Maintenance Plan

Had the trial court sought to appoint commissioners as allowed under Section 228.369.3, we would reject Respondents' proposition that a trial court's authority to appoint commissioners is limited to the establishment or widening of a private road. Section 228.369.3 expressly allows a trial court to appoint commissioners when establishing a private road maintenance plan *through the same procedures* as for establishing or widening a private road. Section 228.369.3. Rather than rewriting all the relevant provisions for the appointment, duties, compensation, and report procedures for commissioners, Section 228.369.3 incorporates those existing provisions by reference. See Sections 228.355, .358. Moreover, the argument that the provisions within Chapter 228 "Private Roads" are to be read in isolation from one another has been firmly rejected. See Reid v. Jones, 594 S.W.2d 339, 343 (Mo. App. W.D. 1980) (citing Chapter 228, RSMo 1978) (holding that formerly separate provisions governing the appointment and duties of a commission in actions for establishing a private road generally also apply to actions for widening a private road because Chapter 288 provides "a comprehensive scheme"). Thus, we would agree with the Choates that Section 228.369 allows a trial court to appoint and arrange compensation for a commission of disinterested citizens to assess the road and report on a recommended maintenance plan.[2] However, as explained above, the trial court is not required to do so.

---

[2] In the event that the trial court has appointed commissioners to propose a plan of maintenance, if the property owners are unable to agree on a supervisor to complete the plan of maintenance, then the commissioners will also designate a supervisor, who will compensated for his or her services in the same manner as the commissioners. Section 228.369.4.

8

C.  Section 228.369 Does Not Limit the Trial Court's Authority to Establish a Plan of Road Maintenance

On appeal, the Choates's argument for reversal on Point One relies solely on the trial court's failure to appoint disinterested commissioners. The Choates preserved this argument in their motion for new trial, which alleged they were entitled to the appointment of disinterested commissioners to establish a road maintenance plan. At oral argument, however, the Choates further alleged that the trial court lacked authority to form an association and appoint trustees. Although this particular challenge is not preserved for review, we note that while Section 228.369 does not explicitly refer to forming an association or appointing trustees, Section 228.369 plainly authorizes the trial court to establish a plan of maintenance and sets forth no limitations on what such a plan entails. See AMG Franchises, Inc. v. Crack Team USA, Inc., 289 S.W.3d 655, 660 (Mo. App. E.D. 2009) (considering statutory limits on a court's authority to grant relief in a particular case). Additionally, the trial court was vested with authority to issue its order and judgment as affecting all property owners abutting Rim Road, because all property owners were notified of the proceedings and given the opportunity to take part therein. See Brown v. H & D Duenne Farms, Inc., 799 S.W.2d 621, 631 (Mo. App. S.D. 1990) (holding the trial court exceeded its authority to order the formation of a levee district because not all interested property owners were parties to the suit).

Nevertheless, a trial court's authority to grant equitable relief is inherently limited to the relief sought. See City of Greenwood v. Martin Marietta Materials, Inc., 311 S.W.3d 258, 264 (Mo. App. W.D. 2010) (internal citation omitted). Here, the petition sought a plan of road maintenance, and Respondents submitted a pre-trial proposal that called for forming the Rim Road Association with three trustees to execute the plan as determined by the trial court. See id. Thus, the trial court granted the relief requested and established a road maintenance plan, which

9

included an association with appointed trustees to effectuate the collection of assessments as a necessary and natural component of the plan for maintaining Rim Road. See DeBaliviere Place Ass'n v. Veal, 337 S.W.3d 670, 676 (Mo. banc 2011) (noting that associations enforce the billing and enforcement of the assessments); see also State ex rel. Leonardi v. Sherry, 137 S.W.3d 462, 471–72 (Mo. banc 2004) (noting "[e]quitable remedies are coercive remedies like declaratory judgments and injunctions, the latter of which includes specific performance and some types of restitution" and "[a]ny circuit court with jurisdiction over the parties and a controversy can render whatever relief is required, be it equitable or a request for damages").

### D.   Conclusion

The trial court did not appoint commissioners under Section 228.369.3, but instead considered the evidence presented by the parties to determine the necessity of the road maintenance plan and assessments, including appointing property owners as initial trustees of the Rim Road Association to carry out said maintenance plan. For that reason, the trial did not err in its judgment under Section 228.369. See Short, 372 S.W.3d at 532. Point One is denied.

## II.   Point Two—Evidence Supporting Annual Assessment Amount

The Choates also assert that the trial court erred in ordering an annual assessment of four hundred dollars to maintain Rim Road because that amount was against the weight of the evidence or unsupported by substantial evidence.

In considering whether the four-hundred-dollar assessment for maintaining Rim Road was against the weight of the evidence or unsupported by substantial evidence, we review the evidence in the record, deferring to the trial court's credibility determinations. Stieren, 559 S.W.3d at 72 (citing Murphy, 536 S.W.2d at 32); Anderson, 171 S.W.3d at 777.

Sufficient evidence in the record supports the trial court's four-hundred-dollar assessment. See Stieren, 559 S.W.3d at 72; Anderson, 171 S.W.3d at 777. All five testifying

10

property owners contributed evidence of Rim Road's state of disrepair. Emergency and postal services notified the property owners of problems with access and safety. Bids for repair were submitted into evidence, some of which were limited to fixing large potholes and others which estimated full repairs to cost between sixty-five thousand and seventy-five thousand dollars. The record shows that the parties had not paid annual assessments for maintaining Rim Road for approximately thirty years but had in prior years paid $180.00 annually. Evers requested an initial special assessment of two thousand dollars and suggested inflation justified an annual assessment of six hundred to seven hundred dollars. Other property owners testified to their concerns over their ability to pay such high costs. Accordingly, rather than imposing a special assessment and equally dividing the amount needed to bring the road up to satisfactory condition—which, the trial court found to be approximately fifty thousand dollars—the trial court took into account the testimony of the hardship a large assessment would present to some property owners. Thus, the trial court's four-hundred-dollar annual assessment to achieve a repaired and maintained road in a graduated fashion was sufficiently grounded in the evidence at trial.

Accordingly, because the assessment amount was supported by substantial evidence and was not against the weight of the evidence, we affirm the trial court's judgment. See Stieren, 559 S.W.3d at 72 (citing Murphy, 536 S.W.2d at 32). Point Two is denied.

### III.    Respondents' Request for Sanctions

Respondents moved for an award of sanctions in the form of attorneys' fees on the basis that the Choates's appeal is frivolous.

"Rule 84.19 provides that if an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." K.L.S. v. Union Pac. R.R., 575 S.W.3d 259, 269–70 (Mo. App. W.D. 2019) (internal quotations omitted).

11

"A frivolous appeal is one that presents no justiciable question and is so readily recognizable as devoid of merit that there is little prospect that it can ever succeed." Id. (internal quotation omitted).

The Choates's appeal presented two claims—one concerning statutory interpretation and one challenging the sufficiency of the evidence. While we firmly reject the first point on appeal, the lack of existing judicial authority on this issue mitigates against the award of sanctions. We further decline to hold that the second point lacked a justiciable question or presented a frivolous argument. See id. Because the Choates's appeal is not frivolous, we decline to award sanctions and we deny Respondents' request for fees.

<u>Conclusion</u>

The judgment of the trial court is affirmed.

KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

12