CENTURY 21 AL BURACK REALTORS, Respondent,

v.

Louis ZIGLER and Betty Zigler, Respondents,

and

Bruce A. Sleet, Jr. and Althea Haskins, Appellants.

No. 43450.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 19, 1982.

Rehearing Denied March 19, 1982.

---

Raymond Howard, St. Louis, for Zigler.

Isadore Scher, Clayton, for appellants.

Gideon Schiller, Clayton, for respondent.

CRIST, Judge.

Century 21 Al Burack Realtors (petitioner) initiated this interpleader action, alleging that both the prospective sellers and prospective purchasers of real property in St. Louis County claimed earnest money deposited with petitioner pursuant to the contract of sale. The prospective purchasers, Bruce A. Sleet, Jr., and Althea Haskins (hereafter purchasers), appeal from the judgment entered for the prospective sellers, Louis and Betty Zigler (hereafter sellers), the sole question being whether the purchasers may prevail on a claim they failed to plead, though evidence in support of the omitted claim was adduced without objection at the trial. We hold they may not, and affirm the judgment for the sellers.

The sellers claimed and the trial court found that they were ready, willing, and able to perform their part of the sale contract on the closing date specified therein, but the sale was not closed on that date because of the purchasers' failure to perform. The sellers' interplea was based on the sale contract provision that "... if sale be not closed by date fixed therefor owing to failure of performance by purchaser, earnest money shall be forfeited by purchaser...."

The purchasers' counterclaim alleged the sellers had breached the sale contract. The particulars are not important because those allegations were not pursued at trial. Instead, the purchasers tried to claim at trial under the contract's "financing contingency" provision, that "[i]f commitment [to the purchasers of financing on the specified terms is not obtained prior to the closing date], this contract shall be null and void and earnest deposit returned to purchaser." The purchasers contend that admission into evidence of the contract provision together with evidence that they failed to obtain the stipulated financing commitment both excused their performance of the contract and established their claim to have the earnest money refunded.

We held in *Berger v. McBride & Son Builders, Inc.,* 447 S.W.2d 18, 19 (Mo. App.1969) that "[s]uch a [financing contingency] provision in a contract is a condition subsequent, that is, one which by its express terms provides for an ipso facto cancellation on the happening or nonoccurrence of a stipulated event or condition." More specifically, such a provision is a condition subsequent to the existence of the contract, see: 5 S. Williston, Contracts § 667, at 147–48 (3d ed. 1961); and *id.* at 148 n. 13 (3d ed. Supp.1981) (citing Berger v. McBride & Son Builders, Inc.) which, upon the non-occurrence of the stipulated event, may be raised to avoid the contract and, in this case, to also ground the purchasers' own claim to the earnest money deposit. But whichever way it is used, the non-occurrence of the stipulated event must be affirmatively pleaded. The requirement of affirmatively pleading matters in avoidance is in Rule 55.08. The requirement that purchasers af-

firmatively allege the basis for their claim arises from their position as claimants in an interpleader action, where they are regarded as plaintiffs and must prevail, if at all, on the strength of their own claim. See: *Star-Times Publishing Co. v. Buder*, 245 S.W.2d 59, 69 (Mo.1951); *Denton Gin Co. v. Gathings*, 216 S.W.2d 959, 965 (Mo.App. 1949).

■ The purchasers' interplea does not allege failure to obtain a financing commitment, nor may the admission of evidence of that failure be deemed to correct the omission. The Supreme Court in *State ex rel. Anderson v. Hostetter*, 346 Mo. 249, 140 S.W.2d 21, 23 (banc 1940) reaffirmed the principle that a pleading alleging a specific basis for relief will not be aided or deemed amended by evidence going to an entirely different basis for relief, even though the evidence is introduced without objection, and that allowing a recovery on such other ground is reversible error.

The purchasers failed to prove the claim they alleged, and they failed to present any other claim that the trial court could properly notice. The trial court's judgment is supported by the evidence and is consistent with the law, and is therefore affirmed.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.