Valerie VANCE, Appellant,

v.

L. Annette GRIGGS, David L. McCollum, and McCollum & Griggs, LLC, Respondents.

No. WD 71664.

Missouri Court of Appeals, Western District.

Nov. 9, 2010.

Valerie A. Vance, Independence, MO, for Appellant.

Steven J. Streen, Kansas City, MO, for Respondents

Before Division II: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is an appeal of two separate but related cases that were transferred to the same division of the circuit court for judicial efficiency. Although the motion to consolidate the cases was granted, the cases were never formally consolidated. There is only one judgment of the circuit court. The judgment has the case number 0616–CV29262, yet it purports to dismiss all of Appellant Valerie A. Vance's causes of action, with prejudice, both in that case and in the companion case numbered 0716–CV08454. The first case filed with the circuit court, No. 0616–CV29262, *Broadspire Services, Inc. v. L. Annette Griggs, et al.,* is an interpleader action naming L. Annette Griggs and Valerie A. Vance as defendants, wherein third party Broadspire paid into court attorneys' fees and costs for disbursement. The second case, No. 0716–CV08454, *Valerie A. Vance v. LaRea Annette Griggs, David L. McCollum, and McCollum & Griggs, LLC,* is a petition seeking damages and an accounting for claims of conversion and breach of contract and also seeking punitive damages. The circuit court dismissed Vance's claims in both actions, finding that Vance's petition failed to allege compliance with Missouri Supreme Court Rule 4–1.5(e),

and thus failed to state a claim. Vance claims that the dismissals were in error. We affirm the judgment of the circuit court in part, reverse in part, and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

Respondent Griggs was admitted to practice law in the State of Missouri on October 15, 2001. Upon her admission to the bar, Griggs entered into an agreement with Appellant Vance, who had been practicing law for several years, to practice law together. The newly formed law firm was called Griggs & Vance, LLC ("GV"). Griggs and Vance agreed to share equally the profits from the operation of the firm, with the exception of those originating from several of Vance's works in progress.

In October of 2003, Respondent McCollum joined the law firm at Griggs's request. The new firm was called McCollum, Griggs & Vance, LLC ("MGV"). The members agreed that they would contribute all works in progress to the new firm and share equally in all expenses and revenues.

On March 12, 2004, McCollum and Griggs notified Vance that they were withdrawing from the firm, effective March 31, 2004, and opening their own firm. Their new firm was named McCollum & Griggs, LLC ("MG"). Vance alleged in her petition in the circuit court that, at this time, McCollum and Griggs improperly removed firm assets, property, client files, and revenues, and interfered with Vance's valid attorney's liens by unlawfully and improperly providing hold harmless agreements to third-party payors to keep Vance from being named on checks.

On October 23, 2006, Broadspire, a corporation that administers workers' compensation cases on behalf of employers and insureds, filed the interpleader action in the circuit court. Griggs (and/or the various law firms in existence during the relevant time period) had performed legal services for an employee claimant, and Broadspire was attempting to disburse the attorney's fees portion of the award of compensation that was due under the agreement between Griggs (and/or the various law firms) and the claimant. Vance filed a claim in the interpleader action on March 7, 2007. Vance's claim stated, "Attorney Valerie Vance makes her claim to no less than one-half the amount of the attorney's fees and costs expended." Griggs filed a claim on March 15, 2007. On March 29, 2007, Vance moved for an order joining McCollum individually and the MG law firm; the motion was granted.

On April 2, 2007, Vance filed her petition for damages and for an accounting in the circuit court. Vance claimed that Griggs and McCollum, with the aid of the MG firm, improperly converted MGV assets and property, including client files, and fees. Vance also claimed that Griggs and McCollum breached their contract with Vance "by failing to properly pay to Plaintiff Vance her proportionate share of MGV revenues, and by failing to account to Plaintiff Vance for her share of MGV assets" and that they interfered with Vance's attorney's liens on fees due to her under the MGV membership agreement. Vance sought an accounting, compensatory damages, and punitive damages.

Vance's action was transferred to the division of the circuit court that held the interpleader action, but the cases were never formally consolidated. On October 7, 2008, the Honorable Kelly J. Moorhouse, who presided over the division of the circuit court holding both cases since the transfer, passed away, and the Honorable Joel May was subsequently assigned to the division.

Griggs, McCollum, and MG filed an answer and several amended answers to Vance's petition. Each answer stated, as an affirmative defense, that Vance's petition failed to state a claim upon which relief could be granted. None of the answers in the record provided to this court specified *why* Vance's petition failed to state a claim. After filing their fourth amended answer, and before Vance's responsive pleading was due but after the deadline for amending pleadings had passed, Griggs, McCollum, and MG filed a motion to dismiss Vance's causes of action in both cases pursuant to Rule 55.27(b).[1] The motion to dismiss, for the first time, claimed that, because Vance, Griggs, and McCollum were no longer all part of the same firm, Rule 4–1.5(e) applied and that, therefore, Vance's petition must have asserted compliance with Rule 4–1.5(e) to have stated a claim upon which relief could be granted.

In her opposition to the motion to dismiss, Vance countered that Rule 4–1.5(e) did not apply to her agreement with Griggs and McCollum, because the three lawyers were members of the same firm when the agreement was made. Vance's response also claimed that, even if Rule 4–1.5(e) applied to the agreement, Vance's petition was also for conversion of MGV assets and for an accounting and punitive damages, which were not precluded by any failure to comply with Rule 4–1.5(e). Alternatively, Vance requested leave to amend her petition.

On September 15, 2009, the circuit court entered a single judgment under case number 0616–CV29262, which was the *Broadspire* interpleader action. The judgment purported to dismiss, with prejudice, Vance's petition *and* her interpleader

claim. It also denied Vance's request to amend her petition. The judgment did not disburse the funds from the interpleader action. This appeal follows.

## Standard of Review

We review the trial court's grant of a motion to dismiss *de novo*. *Adams v. One Park Place Investors, LLC,* 315 S.W.3d 742, 753 (Mo.App. W.D.2010) (citing *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008)). "When [an appellate c]ourt reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiff[ ]." *Lynch,* 260 S.W.3d at 836. "If the petition sets forth any set of facts that, if proven, would entitle the plaintiff[ ] to relief, then the petition states a claim." *Id.*

## Legal Analysis[2]

■ For her sole point on appeal, Vance argues that the circuit court erred in dismissing her petition, without granting her leave to amend, and in dismissing her claim to the interpleaded funds. She argues that Rule 4–1.5(e), the basis for the circuit court's dismissal of her claims, does not apply because the three lawyers were all members of the same firm at the time the agreement was entered.

■ Rule 4–1.5(e) provides:

A division of fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

---

1. Griggs and McCollum filed a second motion to dismiss on June 15, 2009, but this motion was denied as moot by the circuit court.

2. Respondents' "motion to dismiss Appellant's brief" is hereby denied.

(2) the client agrees to the association and the agreement is confirmed in writing; and

(3) the total fee is reasonable.

" 'The rules of professional conduct have the force and effect of judicial decision. Accordingly, Rule 4–1.5 has the force and effect of law in Missouri.' " *Law Offices of Gary Green, P.C. v. Morrissey*, 210 S.W.3d 421, 425 (Mo.App. S.D.2006) (quoting *Londoff v. Vuylsteke*, 996 S.W.2d 553, 557 (Mo. App. E.D.1999)).

The *Green* case cited above and relied upon by Respondents in this case, stated that, until that decision, Rule 4–1.5(e) had "only been interpreted in instances where attorneys dividing a fee are in different firms at all times during the representation of a particular client." *Id.* However, in *Green*, the fee-sharing agreement at issue had been made *after* the separation of the departing attorney from his former firm. *Id.* at 423. The court noted this fact and also found persuasive two non-binding informal advisory opinions of the Missouri Legal Ethics Counsel. *Id.* at 425 n. 5.[3] It then concluded that the agreement was, in fact, one made between lawyers from two different firms and thus it needed to comply with Rule 4–1.5(e) to be enforceable. *Id.* at 425. Because even the proposed amended petition submitted by the petitioner in *Green* did not allege facts showing compliance with Rule 4–1.5(e), the dismissal of the plaintiff's petition, which had been entered without having granted leave to amend, was affirmed. *Id.* at 425–26.

Subsequent to the *Green* case, Rule 4–1.5 was amended, perhaps in response to the *Green* decision. The change in the rule was published in the October 2007 supplement to the 2007 edition of the Missouri Supreme Court Rules. Although the change to the relevant portion of the rule itself was minor, Comment [8] was added,[4] which states, "Rule 4–1.5(e) does not prohibit or regulate division of fees to be received in the future for work done when lawyers were previously associated in a law firm." Subsequent to this change in the rule, it is clear that any attorney's fees and costs which could properly be attributed to *work* that a departing attorney had *done prior to the separation* would not be subject to the requirements of Rule 4–1.5(e).

Vance's petition states claims for relief sufficiently to withstand Respondents' motion to dismiss. Specifically, Vance's petition states, "At the time that McCollum and Griggs withdrew from MGV, they converted MGV assets, and failed to properly account to Plaintiff Vance regarding revenues received from cases which were handled by MGV." By referencing matters handled by a firm that ceased to exist upon separation of the attorneys, it appears that the petition addresses fees generated by work done before separation. The petition continues, "As part of their conversion of MGV, LLC assets ... McCollum and Griggs seized control of certain files, and ... proceeded to thereafter receive revenues on such matters, without properly accounting to Plaintiff

---

3. Missouri Legal Ethics Counsel, Informal Opinion 20020003 (2002) explains that in an agreement where the exiting partner in a firm agreed to divide client fees evenly between himself (or herself) and his former firm, the arrangement should comply with the terms of the rule. Missouri Legal Ethics Counsel, Informal Opinion 20000219 (2000) also arrives at this conclusion.

4. Because the change to Rule 4–1.5(e) itself was minor, we presume that the comment was added merely to clarify the proper application of the rule and was not intended as a substantive change in the rule. Therefore, the comment may aid our assessment of petitions filed before the rule change took effect, as well as those filed afterward.

Vance for her share of such revenues." This allegation is broad enough to include revenues received after separation for work performed before separation. Therefore, Vance's petition need not allege compliance with Rule 4–1.5(e) to state a cause of action with respect to any work that was done for MGV clients or fees that were earned before the separation.

As to work done by McCollum or Griggs after April 1, 2004, and any fees earned therefrom, we find the informal advisory opinions of the Missouri Ethics Counsel, cited above, to be helpful. Both opinions indicate that any work done for former clients of the law firm after the separation must be done in compliance with Rule 4–1.5(e) if the fees are to be shared. *See* Mo. Legal Ethics Counsel, Informal Ops. 20020003 (2002), 20000219 (2000). Because Rule 4–1.5(e) had not been widely used with attorneys formerly of the same firm, *see Green*, 210 S.W.3d at 425, there is no authority as to how disputes regarding the proportion of fees earned before versus after the separation are to be managed. But presumably it is done by an accounting, and fees are shared "in proportion to the work performed on each case while [the departing a]ttorney[s were] member[s] of the firm." Mo. Legal Ethics Counsel, Informal Op. 20000219 (2000).[5] Because Rule 4–1.5(e) does not apply to any fees earned before the separation of McCollum and Griggs from MGV, and Vance's petition requests damages for injuries she allegedly sustained by losing her portion of those fees, as well as other

"MGV assets," the circuit court erred in dismissing Vance's petition for failure to state a claim.

The circuit court's judgment also dismissed Vance's claim to the interpleaded *Broadspire* fees. "In interpleader actions, each claimant is regarded as a plaintiff and each bears the burden of proof on his or her respective claims." *Osborn v. Home Ins. Co.*, 914 S.W.2d 35, 37 (Mo.App. E.D.1996); *see also Century 21 Al Burack Realtors v. Zigler*, 628 S.W.2d 915, 916–17 (Mo.App. E.D.1982). A pleading asserting one's claim to interpleaded funds, it follows, should be set forth in a manner similar to a petition. In Missouri, a petition requires a "short and plain statement of the facts showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which the pleader claims to be entitled." Rule 55.05. Facts showing that the claimant is entitled to relief must be asserted; a mere conclusion of law "does not aid the pleading, is no allegation at all, is not enough to state a cause of action, and will be disregarded in determining the sufficiency of the facts alleged." 71 C.J.S. *Pleading* § 16 (2000). Trial judges have no discretion to ignore the fact pleading requirements of the Supreme Court Rules. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997).

In Vance's pleading, she requests "no less than one-half the amount of the attorney's fees and costs expended." That is

---

**5.** At oral argument, Respondents asserted that any fees earned for work performed before the separation could only be shared on a quantum meruit basis with Vance receiving only the fees for the portion of the work that Vance herself performed. Respondents cite no authority for this proposition. The *question* presented in Mo. Legal Ethics Counsel Informal Op. 20000219 (2000) states that "[i]t is *Attorney's understanding* that the former firm cannot assert liens for a percentage of the fees, but that the former firm must assert the liens under quantum meruit and prove time spent on the cases." (Emphasis added.) The *answer* does not affirm this, however, and Respondents provide no reason why the portion of the fees corresponding to work performed before the separation should not be divided as per the agreement existing at the time.

the extent of Vance's claim. Vance does not allege that she and Griggs, the other original defendant in the interpleader action, were members of the same law firm at any relevant time during the period in which the fees were earned. She also does not allege that any fee-sharing agreement between herself and any other members of either GV or MGV was made either before or after separation. Vance's bare claim in the interpleader action "to no less than one-half the amount of the attorney's fees and costs" at issue in the *Broadspire* matter is insufficient as a matter of law.

■ At oral argument, Vance maintained that the Respondents' claim in the interpleader action, which did admit that Vance and Griggs were members of the same law firm until March 31, 2004, and, indirectly, that approximately five percent of the work done and $52.07 of the expenses incurred in the action giving rise to the *Broadspire* funds predated the dissolution of MGV, served to cure any alleged defects in her own pleading. Vance is correct that facts alleged in an *opposing party's responsive pleading* can sometimes cure defective factual allegations in the original pleading. *See Valleroy v. S. Ry. Co.*, 403 S.W.2d 553, 556 (Mo.1966). However, when an initial pleading, in this case a claim to the interpleaded funds, wholly fails to state a cause of action, the defect cannot be cured by *another party's pleading*, the presentation of evidence, or even by a subsequent verdict. *See, e.g., Zigler*, 628 S.W.2d at 917; *Chuning v. Calvert*, 452 S.W.2d 580, 585 (Mo.App.1970) (a pleading that fails to state a cause of action is "insufficient to call into being the exercise of the court's jurisdiction" and will not be cured even by a verdict in favor of the pleader).

Because Vance's claim in the interpleader action failed as a matter of law to allege any facts establishing her entitlement to the funds at issue, the circuit court did not err in dismissing Vance's claim to said funds. The court's order, however, apparently fails to disburse the funds at all. On remand, the circuit court is directed to correct the judgment to disburse the interpleaded funds.

### Conclusion

Because Rule 4–1.5(e) does not apply to any attorney's fees earned by a departing member of a law firm prior to her separation from the firm, even if the fees are received after the separation, the circuit court erred in dismissing Vance's petition for failure to state a claim to the extent that it states a claim for fees earned prior to separation and for an accounting regarding such fees and assets of MGV. However, the circuit court did not err in dismissing Vance's claim in the interpleader action. Therefore, we affirm the judgment of the circuit court in part, reverse in part, and remand for further proceedings consistent with this opinion.

JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.