Valerie VANCE, Appellant,

v.

**Larea Annette GRIGGS and David L. McCollum and McCollum & Griggs, LLC., Respondents.**

**No. WD 75579.**

Missouri Court of Appeals, Western District.

Dec. 10, 2013.

---

**3.** There is no evidence or docket entry indicating the motion court appointed counsel for Wilson. The State acknowledges on appeal there is no docket entry indicating counsel was appointed for Wilson, and the motion court's judgment only refers to Wilson's pro se motion.

Valerie Vance, Independence, MO, pro se Appellant.

Steven Streen, Kansas City, MO, Respondents.

Before Division One: ALOK AHUJA, P.J., THOMAS H. NEWTON, and ANTHONY R. GABBERT, JJ.

## Summary

THOMAS H. NEWTON, Judge.

Ms. Valerie Vance appeals a judgment for breach of contract, attorney fees, and punitive damages related to a previous law partnership with Ms. LaRea Annette Griggs and Mr. David L. McCollum. We reverse.

## Factual and Procedural Background

In October 2001, Ms. Vance and Ms. Griggs entered into a law practice, operating under the name of Griggs & Vance, LLC (GV). They agreed to equally share revenues and payment of expenses. In October 2003, Mr. McCollum joined Ms. Vance and Ms. Griggs in the partnership under the new name of McCollum, Griggs & Vance, LLC (MGV), which included an equal division of revenues and expenses. They held equal ownership of all MGV assets, and all open files were to be treated as firm partnership files. There was no written agreement for MGV's formation.[1] Ms. Vance managed MGV's operating account and wrote checks for MG V's expenses.

In March 2004, Ms. Griggs and Mr. McCollum advised Ms. Vance that MGV would need to disband because Ms. Vance was not performing adequately. MGV dissolved on April 1, 2004, and Ms. Griggs and Mr. McCollum formed McCollum & Griggs, LLC (MG). After MGV dissolved, Ms. Griggs and Mr. McCollum continued to share office space with Ms. Vance until the end of MGV's lease.

In October 2006, a series of legal actions commenced that resulted in an initial ruling by this court in November 2010 (*Vance I*). *Valerie Vance v. L. Annette Griggs, David L. McCollum, and McCollum & Griggs, LLC*, 324 S.W.3d 471 (Mo.App. W.D.2010). In *Vance I*, we ruled on two separate, but related, cases involving Ms. Vance, Ms. Griggs, and Mr. McCollum.[2] Case 0616–CV29262 was an interpleader action, where a third party (Broadspire) paid into court attorney fees and costs for disbursement. *Broadspire Services, Inc. v. L. Annette Griggs, et al.*, No. 0616–CV29262 (2006). In March 2007, Ms. Vance attached a claim and Ms. Griggs and Mr. McCollum filed a counterclaim. *Id.* at 473. In 0716–CV08454, the damages case, Ms. Vance filed suit against Ms. Griggs and Mr. McCollum for an accounting for claims of conversion, breach of contract, and punitive damages. *Valerie A. Vance v. LaRea Annette Griggs, et al.*, No. 0716–CV08454 (2007). In June 2007, Ms. Vance filed an unopposed motion to consolidate the cases, and to release Broadspire from liability. The trial court granted the motion in a September 2007 docket entry.[3]

In June 2009, Ms. Griggs and Mr. McCollum filed a motion to dismiss the interpleader case, contending that Ms. Vance failed to state a claim against the law firm of MG, as well as against them individually. In September 2009, the trial

---

1. The record is silent as to whether a written agreement existed for Griggs & Vance, LLC.

2. Case numbers remain particularly relevant for purposes of tracking and arguments presented.

3. The full text of the "Order to Consolidate" appears on the docket sheet for the 2006 case, and reads as follows:

 IT IS SO ORDERED, the related Vance case will be transferred from Division 3 to Division 9 and all pre-trial discovery and further pre-trial and trial proceedings regarding both this case and the related Vance case will proceed and be head [sic] in Division 9. IT IS ALSO SO ORDERED, that Broadspire Service [sic], Inc. be discharged and released fro [sic] liability to any of the parties in this case regarding this litigation.

court dismissed Ms. Vance's claim in the interpleader case, and denied a request for leave to amend, finding that her petition did not allege compliance with Missouri Supreme Court Rule 4–1.5(e),[4] and thus failed to state a claim. *Vance,* 324 S.W.3d at 472–73. The trial court dismissed the damages case with prejudice.

In October 2009, Ms. Vance appealed, and Ms. Griggs and Mr. McCollum dismissed the counterclaim in the interpleader case. Ms. Vance argued that the trial court erred in dismissing the petition in the damages case, and also in dismissing a claim to the interpleaded funds in the interpleader case. *Id.* at 474. She insisted that Rule 4–1.5(e) did not apply because she, Ms. Griggs, and Mr. McCollum were all members of the same law firm when the agreement was formed. *Id.* We concluded that, while the trial court accurately dismissed Ms. Vance's claim in the interpleader action, it erred in dismissing the petition in the damages case for failure to state a claim for fees earned prior to her separation from MGV and for an accounting of the firm's fees I and assets. *Vance,* 324 S.W.3d at 476–77. We also indicated that the interpleader and damages cases were "not formally consolidated."[5] Instead, these cases appeared to have been merged for the purpose of being heard within the same division. *Id.*

In October 2010, while the interpleader and damages cases were on appeal, and without requesting leave to amend, Ms.

Griggs and Mr. McCollum re-filed the counterclaim that they had dismissed a year before, again attaching it to the interpleader case. After *Vance I,* the remanded portion of the damages case and the October 2010 counterclaim remained unresolved.

On June 22, 2012, Ms. Vance dismissed the claim in the damages case. On June 25, 2012, a bench trial was held on the October 2010 counterclaim. Ms. Griggs testified, and Ms. Vance did not attend the hearing.

According to Ms. Griggs, after MGV's dissolution, calls intended for MG continued to come directly to Ms. Vance. She said that these calls often went unanswered, or Ms. Vance would claim not to know of her or Mr. McCollum's whereabouts, even though they still shared office space. As a result, Ms. Griggs indicated that she and Mr. McCollum temporarily lost contact with current clients and potential new business opportunities before securing a new telephone number.

Ms. Griggs testified that when she reviewed MGV's firm account, she was "shocked" to' discover the small sum recorded that Ms. Vance had brought in monthly, estimating it at "maybe $200 a month." Ms. Griggs said she concluded that "either [Ms. Vance] wasn't going to court and representing the people or we weren't getting WKH SHR the fees that she was collecting." Ms. Griggs provided

---

**4.** Missouri Supreme Court Rule 4–1.5(e) states:

A division of fee [sic] between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) the client agrees to the association and the agreement is confirmed in writing; and (3) the total fee is reasonable.

**5.** *Vance I* includes the following language:

Although the motion to consolidate the cases was granted, the cases were never formally consolidated. There is only one judgment of the circuit court. The judgment has the case number 0616–CV29262, yet it purports to dismiss all of [Ms. Vance's] causes of action, with prejudice, both in that case and in the companion case numbered 0716–CV08454. *Vance,* 324 S.W.3d 471, 472.

an overview of checks that Ms. Vance had written to herself to pay for a variety of expenses, including computers and credit card payments, culminating with "draining" the remainder of MGV's operating account of $4,489, which was intended for use for wind-up costs for MGV's dissolution. Ms. Griggs and Mr. McCollum paid these and other expenses themselves.

On June 29, 2012, the trial court awarded Ms. Griggs and Mr. McCollum $36,297 for conversion of assets/breach of contract, $30,000 in attorney fees, and $50,000 in punitive damages. In July 2012, Ms. Vance filed a motion to set aside the judgment, which the trial court denied. Ms. Vance appeals.

## Standard of Review

■ A motion to set aside a judgment is left to the sound discretion of the trial court, with which the exercise cannot be interfered on appeal unless the record demonstrates an abuse of discretion. *Greasel Conversions, Inc. v. Massa,* 399 S.W.3d 456, 458 (Mo.App.S.D.2013) (internal quotation marks and citation omitted). The discretion not to set aside a judgment is narrower than the discretion to set it aside. *Id.* As a result, we are more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Id.*

## Legal Analysis [6]

■ Ms. Vance argues that the trial court erred in permitting Ms. Griggs and Mr. McCollum to proceed with the June 2012 hearing and issuing a judgment because no valid claim for relief existed after she dismissed the 2007 case. Furthermore, she asserts that Ms. Griggs and Mr. McCollum dismissed the only valid counterclaim in October 2009. In essence, Ms.

Vance argues that the motion to set aside the judgment should have been granted by the trial court. Ms. Griggs and Mr. McCollum assert that their October 2010 counterclaim attached to the 2006 case remained ripe for review on its own because the cases were consolidated in September 2007, so the judgment should stand.

■ Here, Ms. Griggs and Mr. McCollum re-filed their counterclaim in October 2010, while the 2006 and 2007 cases were pending on appeal. However, no record exists that they obtained leave of court to amend the pleadings. Where no order allowing an amendment of pleadings appears in the record, it must be treated as not allowed. *See Mentzer v. Mentzer,* 325 Mo. 941, 30 S.W.2d 146, 148 (1930) (where trial court did not rule on amendment of pleading, court must be deemed to have rejected it). The question becomes whether a counterclaim may be filed in a case pending appeal without first obtaining leave to amend.

In accordance with Rule 55.33(a):

A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

*See also* § 509.490. Since the counterclaim was filed without obtaining leave of court, and written consent from Ms. Vance was clearly not obtained, the October 2010 counterclaim was improperly filed, render-

---

**6.** Respondents' "motion to dismiss Appel- lant's brief" is hereby denied.

ing it invalid.[7] Moreover, no rule gives a party an absolute right to file even a first amended pleading. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. W.D.1984).

Perhaps more importantly, the October 2010 counterclaim is an invalid pleading because, at the time of filing, there was no active case. The trial court had dismissed both cases in September 2009, spurring Ms. Vance's appeal in *Vance I.* Moreover, in October 2010, the trial court possessed neither jurisdiction nor authority to provide Ms. Griggs and Mr. McCollum with leave of court to re-file the counterclaim because jurisdiction had shifted to the Court of Appeals pending our review of cases 0616–CV29262 and 0716–CV08454.

 A trial court and appellate court may not concurrently share jurisdiction over cases. *City of Greenwood v. Martin Marietta Materials, Inc.,* 311 S.W.3d 258, 267 (Mo.App.W.D.2010). This would be contrary to "the longstanding rule against simultaneous trial and appellate court jurisdiction, which takes its authority directly from the Missouri Constitution." *Id.; see also* Mo. Const. art. V, §§ 3, 14; *J.C. W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 251–3 (Mo. banc 2009) (clarifying the scope of personal and subject matter jurisdiction). Our assumption of appellate jurisdiction removes the trial court's jurisdiction over the subject matter of the case. *Greenwood,* 311 S.W.3d at 267. At some point, each judgment must become final. *Id.* At that time, the trial court's ability to act ends and the appellate court's ability to review begins. *Id.* Otherwise, continuing activity in a case pending on appeal would render it unreviewable. *Id.*

When the counterclaim was re-filed in October 2010, the 2006 and 2007 cases were within our sole jurisdiction because they were under appellate review. Prior to the decision in *Vance I,* no valid pleading, including a counterclaim, could exist. Consequently, when Ms. Griggs and Mr. McCollum filed and attached the October 2010 counterclaim in the 2006 case, the trial court did not possess the requisite jurisdiction to accept or validate the pleading. There was no active case to which a valid counterclaim could have been attached. Accordingly, Ms. Vance's point is granted.

### Conclusion

The 2010 counterclaim was invalid, and the trial court lacked jurisdiction to hear the case. Given that there was no valid counterclaim, there were no existing matters for the trial court to resolve when Ms. Vance voluntarily dismissed her case on June 22, 2012. It was an abuse of discretion to proceed with the hearing on June 25, 2012. The judgment against Ms. Vance should have been set aside, so we reverse.

AHUJA, P.J., and GABBERT, J. concur.

---

7. We recognize that in *Kauzlarich v. Atchison, Topeka & S.F. Ry. Co.,* 910 S.W.2d 254, 259 (Mo. banc 1995), and *Fitzpatrick v. Hannibal Regional Hospital,* 922 S.W.2d 840, 843 (Mo. App.E.D.1996), the courts held that amended pleadings were effective, even though Rule 55.33(a) required leave of court for the amendments, and no such leave was ob-

tained. Both cases rely, however, on actions by the objecting party that indicated its implied consent to the amendments. No such consent can be implied here. Ms. Vance did not attend the trial, and she objected to consideration of the re-filed counterclaims in a timely motion to set aside the judgment.