

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| DOUGLAS BRIAN CROSS, | ) | |
| | ) | WD76849 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| L.S.M.C., INC., ET AL., | ) | June 2, 2015 |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**Honorable Larry D. Harman, Judge**

**Before Division One:**
**James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**

Mr. Douglas Brian Cross appeals the judgment granting a new trial. We reverse.[1]

## Factual and Procedural Background

Mr. Cross filed a multi-count complaint including statutory and common-law claims arising from the refinancing of his mortgage. Following a bench trial in Division 2 of the Clay County Circuit Court, Judge Anthony Rex Gabbert entered a judgment awarding Mr. Cross actual ($25,000) and punitive

---

[1] Judge Gabbert, who was appointed to the Missouri Court of Appeals for the Western District after serving as the hearing judge in this matter, has taken no part in the consideration of this case.

damages ($50,000) after finding that Mr. Scott Gregory Turner and his company L.S.M.C., Inc. violated the Missouri Merchandising Practices Act (MMPA), § 407.020,[2] by forging Mr. Cross's signature on mortgage refinance documents.

The April 30, 2013, judgment (initial judgment) did not address any of the other counts—fraud, negligent misrepresentation, tortious interference with contractual relations, slander of title, negligence, piercing the corporate veil, and civil conspiracy—that Mr. Cross originally filed against Mr. Turner and L.S.M.C., Inc., as well as related counts against a notary public and a title insurance company. The claims against the latter two Defendants settled before trial.

According to Mr. Cross's counsel, who had drafted the judgment, the MMPA count was the only count that had been submitted at the close of evidence. Judge Gabbert's judgment also allowed Mr. Cross to recover from the Defendants "fair and reasonable attorneys' fees as later determined by the Court."

After Judge Gabbert (Initial Judge) left the circuit court bench, the case was eventually assigned to Judge Janet Sutton (Successor Judge) who heard evidence pertaining to Mr. Cross's timely motion to amend the April judgment as to the attorney fees. Among other matters, the parties addressed during the fee hearing whether the Initial Judge's judgment had fully disposed of all

---

[2] All statutory references are to RSMo (2000), unless otherwise stated.

issues. According to the Defendants, when Mr. Cross tendered a proposed judgment to the Successor Judge after the fee hearing, the transmittal letter stated, "I have decided against including any additional language in the judgment regarding the abandonment of Plaintiff's other counts." The Defendants submitted a draft judgment "which disposed of the 'abandoned' counts by rendering judgment in Defendants' favor on them."

The Successor Judge issued a first amended judgment in August (August judgment), adopting verbatim the actual and punitive damages awards of the April judgment and adding an attorney fee award ($25,475). Apparently concerned that the April judgment was not final, she also disposed of the counts not addressed by incorporating the Defendants' proposed language as follows:

> Plaintiff elected to not pursue Count 1, 3 through 7, and 14 at trial. Judgment will therefore be entered in favor of Defendants on those counts. Counts 8 through 13 applied only to Defendants Tonya Dutcher and Chicago Title, who were dismissed from the action by Plaintiff prior to trial. Those counts are therefore no longer at issue.

Thereafter, Judge Larry D. Harman[3] heard the parties' timely post-trial motions. He issued a judgment on September 4, 2013 (September judgment), denying Mr. Cross's motion to vacate, reopen, correct, amend, or modify the August judgment. Mr. Cross had sought to remove from the August judgment the disposition in the Defendants' favor, characterizing it as "inconsistent with

---

[3] The parties improperly refer to Judge Harman as the "Second Successor Judge," but nothing in the record supports this characterization. Rule 79.01 applies when a trial court is unable to perform post-trial functions "by reason of going out of office, death, sickness, or other disability." Judge Harman was simply sitting in for the Successor Judge, and the parties have not indicated that the Successor Judge had gone out of office, died, or was otherwise sick or disabled.

3

and contradictory to" the initial judgment and claiming that it exceeded the Successor Judge's authority.

Judge Harman also granted the Defendants' motion to vacate the August judgment and granted a new trial on all issues.  He stated,

> In this case, one judge received evidence and entered a partial judgment.  The second judge did receive evidence on the issues [sic] of attorney fees and entered an "Amended Judgment" on that issue, but also entered in the Amended Judgment, findings on issues that the first judge tried and the second judge did not receive evidence on the counts that were not addressed in the first Judgment.

The Defendants had urged Judge Harman to grant a new trial, arguing that it was necessary under Rule 79.01[4] because seven counts remained "unresolved."[5] They further claimed that the "current Division 2 Judge [could not] properly consider Defendants' Motion for New Trial without having heard the evidence" and also contended that the judgment was against the weight of the evidence and did not account for the payment made to Mr. Cross under a settlement with the other Defendants.  Mr. Cross appeals Judge Harman's September judgment.

---

[4] Rule references are to Missouri Rules of Civil Procedure (2013).

[5] This assertion is counter to the Defendants' position during the hearing before the Successor Judge that they would not oppose a disposition deeming the unaddressed counts abandoned.  In this regard, their counsel stated, "I think they need, before there's any final judgment, something has to be on the record to address the other counts.  If the judgment says they're abandoned, I don't care, but I think something needs to be said to address every count, or else it's not a final judgment." Plaintiff's counsel agreed with the court that the other counts had been abandoned, stating, "We submitted only on the Merchandising Practices Act count."

## Standard of Review

"A motion to set aside a judgment is left to the sound discretion of the trial court, with which the exercise of discretion cannot be interfered on appeal unless the record demonstrates an abuse of discretion." *Vance v. Griggs*, 415 S.W.3d 728, 732 (Mo. App. W.D. 2013). With Rule 79.01 implicated here, the grant of a new trial under that rule is discretionary, with the rule expressly stating that the successor court "may" grant a new trial. *In re A.S.O.*, 75 S.W.3d 905, 911 (Mo. App. W.D. 2002). That discretion is abused if "the trial court's decision is clearly against the logic of the circumstances then before it, and is so arbitrary and unreasonable that it shocks our sense of justice and indicates a lack of careful consideration." *Id*.

## Legal Analysis

Mr. Cross presents two points on appeal. The first is whether Judge Harman erred in granting the motion to vacate judgment and for new trial for the stated reason that the Successor Judge's August judgment disposed of counts unaddressed by the initial judgment and on which she did not receive evidence. The second is whether Judge Harman erred in denying Mr. Cross's motion to amend the Successor Judge's August judgment to remove a disposition apparently inconsistent with the April judgment rendered by the Initial Judge who heard the evidence.

Rule 79.01 specifically addresses when and whether a successor judge may perform the duties of a judge who is unable to assume those duties "by

5

reason of going out of office, death, sickness, or other disability." Under this rule,

> any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that those duties cannot be performed because such judge did not preside at the trial or for any other reason, such judge may grant a new trial.

Mr. Cross argues that the Successor Judge properly performed her duties as a successor judge and was satisfied that she could do so. He claims that "Judge Harman was temporarily covering Division 2 for [the Successor Judge] on the day of the hearing." He also contends that "Judge Harman abused his discretion by deciding that [the Successor Judge] could not perform the duties of [the Initial Judge]" and by failing to defer to the August judgment.

Mr. Cross argues in part that Judge Harman cannot order a new trial when a previous judgment "resolve[s] all issue[s], dispose[s] of all parties and all issues in the case and [leaves] nothing for further determination at the trial court level." We do not believe that such a bright line need be applied to the discretionary authority of a visiting judge to rule on a motion for new trial.

The issue meriting review and reversal is whether Judge Harman abused his discretion by ordering a case retried on all issues after deciding that the Successor Judge erred by issuing a final judgment that included a ruling on counts that both parties agreed were abandoned.

Neither party argues that Rule 79.01 does not apply to the Successor Judge, and because the Initial Judge, in effect, went "out of office" after issuing

6

the judgment, the matter will be analyzed under that rule. *But see Cent. Bank of Kansas City v. Costanzo*, 873 S.W.2d 672, 673, 675 (Mo. App. W.D. 1994) (ruling that 79.01 did not apply because the judge who heard the evidence had been assigned to the criminal docket before rendering a final judgment). The court in *Central Bank of Kansas City* applied a long-standing Missouri rule that "a successor judge is without power to render a judgment based on testimony and evidence heard by his predecessor absent a stipulation by the parties." 873 S.W.2d at 674. While the Defendants cited the case during the hearing before Judge Harman, they do not rely on this decision in their brief to this court, and Judge Harman did not base his ruling on this legal principle.[6]

While it may have been difficult for Judge Harman to determine, as requested by the Defendants, whether the evidence was sufficient to support the initial judgment awarding actual and punitive damages, Judge Harman's ruling was not based on whether he would be able to step into the shoes of the Initial Judge and review this issue. Instead, Judge Harman decided that the Successor Judge was unable to step into the shoes of the Initial Judge and determine the appropriate resolution of counts not expressly addressed in the initial judgment (Counts 1, 3-7, and 14). Based on this finding, Judge Harman awarded a new trial on all issues, including those expressly addressed in the initial judgment and those counts that the parties agreed were abandoned. He was likely influenced in reaching this conclusion by the apparently inconsistent ruling

---

[6] In fact, no such stipulation was entered here.

7

included in the August judgment on the common-law claims (Counts 1, 3-7 and 14). Because we believe that any error by the Successor Judge in entering a judgment for the Defendants on Counts 1, 3-7 and 14 was harmless error, we cannot agree that the entire matter must be retried. Thus, we find that Judge Harman's grant of a new trial was arbitrary and unreasonable and an abuse of discretion.

First, Rule 79.01 addresses the authority of a successor judge to decide *sua sponte* whether she may perform the duties of the judge who presided over the trial of a matter "after a verdict is returned or findings of fact are filed," or whether a new trial should be granted. *In re A.S.O.*, 75 S.W.3d 905, 910 (Mo. App. W.D. 2002) (ruling that successor court has "affirmative duty" under the rule to determine "*sua sponte*, whether it can fairly proceed in the case given the fact that it did not preside at trial.") It does not authorize another judge to make that determination for the successor judge or to decide that the successor judge abused her discretion when the other judge is asked to grant a new trial. Judge Sutton as the successor judge determined that she could perform the Initial Judge's duties and accordingly entered an amended judgment rather than *sua sponte* ordering a new trial. No suggestion has been made by any party that she abused her discretion under Rule 79.01 by doing so.

Second, while we believe that the Successor Judge may have erred in finding for the Defendants on Counts 1, 3-7 and 14, rather than concluding that those claims were abandoned, because no prejudice to Mr. Cross, as the

8

complaining party, has been argued or shown—and we do not believe that prejudice can be shown—any error made in disposing of Counts 1, 3-7 and 14 is harmless. In Missouri, an abandoned legal theory "no longer remain[s] an issue for any purpose." *Roddy v. Gen. Motors Corp.*, 380 S.W.2d 328, 332 (Mo. 1964). Mr. Cross pleaded Counts 1, 3-7 and 14, but he stated on the record that these counts were not submitted and had been abandoned, and, indeed, the proposed judgment that he drafted limited the trial court's decision to the statutory count (Count 2). Accordingly, these counts should not have been decided in either party's favor by the Successor Judge as they no longer remained an issue for any purpose. Because she made no change to the outcome, however, other than to add attorney fees to Mr. Cross's award, the error in addressing Counts 1, 3-7 and 14 did not prejudice Mr. Cross. "Only prejudicial error is reversible error." *Lake Ozark/Osage Beach Joint Sewer Bd. v. Mo. Dep't of Natural Res.*, 326 S.W.3d 38, 43 (Mo. App. W.D. 2010) (citation, internal brackets, and quotation marks omitted).

As to Mr. Cross's second point, he asks this Court to correct the August 2013 judgment to state that Counts 1, 3, 4, 5, 6, 7, and 14 were not submitted and were abandoned. This was not what Mr. Cross sought when he filed his motion to vacate, reopen, correct, amend, or modify the August judgment. That motion specifically asked Judge Harman to "enter [a] Second Amended Judgment exactly as was determined by [the Initial Judge] with the only addition of the amount of attorneys' fees that were awarded." Because Mr.

9

Cross asks for relief not requested of the circuit court,[7] and we have already determined that the disposition of the abandoned common-law counts was harmless, we will not decide this issue.

## Conclusion

We reverse the September judgment vacating the August judgment and ordering a new trial because any inconsistencies in the August judgment relating to abandoned claims constituted harmless error that did not justify a new trial on all issues.

/s/THOMAS H. NEWTON
Thomas H. Newton, Judge

Welsh, P.J., and Mitchell, J. concur.

---

[7] Rule 84.13(a) (Preservation of error in civil cases).