

# NUMBER 13-19-00246-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BARRERA, SANCHEZ & ASSOCIATES, P.C.                    Appellant,

v.

LIZETTE RODRIGUEZ,                                                  Appellee.

## On appeal from the County Court at Law No. 4
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

By two issues, appellant Barrera, Sanchez & Associates, P.C. (Barrera) argues

that the trial court abused its discretion when it: (1) granted appellee Lizette Rodriguez's

motion for rehearing and (2) subsequently reduced its award of attorney's fees. We affirm.

### I.    BACKGROUND

Rodriguez sought the legal services of Barrera to represent her in divorce

proceedings against her former husband Jorge Alberto Rodriguez. On August 27, 2015, Rodriguez signed a Client Services Agreement (Agreement) with Barrera wherein she agreed to pay the law firm a retainer of $2,500 and attorney billable rates of $250 per hour. The Agreement further provided that, "at such time and in the event it becomes foreseeable that said initial fee will be depleted before conclusion of the matter, an additional fee will be required to be paid by client to attorney in an amount sufficient to conclude the matter."

After the firm depleted its retainer, Barrera sent Rodriguez an invoice of $2,410.15 for its outstanding legal fees. Rodriguez refused to pay and instead engaged another attorney. On May 3, 2016, Barrera filed suit against Rodriguez to recoup its outstanding legal expenses. In its original petition, Barrera asserted causes of action under sworn account and breach of contract. In addition to requesting $2,410.55 in outstanding fees, Barrera sought reasonable attorney's fees, punitive damages, pre- and post-judgment interest, and all court costs. Rodriguez filed a verified answer and general denial. She also asserted a counterclaim for her attorney's fees and the affirmative defenses of failure of consideration, accord and satisfaction, and payment.

According to Barrera, it served multiple sets of discovery on Rodriguez, such as interrogatories and requests for disclosure, admissions, and production. The discovery requests went unanswered. Barrera later filed separate motions for summary judgment for each of Rodriguez's affirmative defenses, as well as on Rodriguez's counterclaim. Barrera also filed multiple motions for death penalty sanctions.

On September 24, 2018, during a trial on the merits, Barrera's attorney Keith

2

Livesay testified regarding his attorney's fees in prosecuting this collection case. Livesay explained that he was board certified in civil appellate law and was retained by Barrera to collect in this matter. Livesay opined that his "reasonable attorney's fees would be $20,000." He acknowledged that although his fee was disproportionate in terms of the damages that were sought, the case had grown contentious and required additional legal research and work. He explained that because the discovery he sent on behalf of Barrera went unanswered, he was compelled to file numerous motions for summary judgment to streamline the case and move it forward. Livesay argued that because Rodriguez's attorney, Fela Olivarez, had claimed that her fees were $10,000 in her pleadings, his fees were $20,000 because he "probably worked double on this."[1]  Barrera did not point to any of its attorney's bills in the record, nor did we find any, to support the $20,000 request for attorney's fees.

On October 31, 2018, the trial court signed its final judgment in favor of Barrera and awarded $2,410.55 in owed expenses, $5,000 in attorney's fees, $1,170.78 in pre-judgment interest, $818 in court costs, and post-judgment interest at the rate of 5 percent per annum until the judgment was satisfied. The trial court also awarded $15,000 in attorney's fees in the event of an appeal to the intermediate court of appeals, and $17,500 in attorney's fees if the Texas Supreme Court accepted petition of the case.

---

[1] We note that our reporter's record only includes Livesay's testimony regarding his attorney's fees during trial. *See* TEX. R. APP. P. 34.6. In its request for a partial reporter's record, Barrera only requested "the initial direct testimony of Keith C. Livesay concerning attorney's fees. Such transcript shall not include the testimony of any other witness, and shall not contain any other portion of the testimony of Keith C. Livesay." *See id.* Accordingly, the trial transcript does not include his cross-examination by Rodriguez's counsel Olivarez, or any other portion of the trial. Rodriguez did not file a response in this appeal, and she did not supplement the reporter's record to include a full transcript of Livesay's testimony.

Rodriguez filed a Motion for Rehearing on November 21, 2018, arguing that "there was no itemized statement of time and costs admitted to the Court to warrant an award of attorney's fees and costs as stated in the Final Judgment" and that the fees were "excessive," "unfair," and "unmerited." Barrera responded that the amount of attorney's fees awarded was only twenty-five percent of what was requested and was too low.

On February 11, 2019, the trial court granted Rodriguez's Motion for Reconsideration.[2] In its amended final judgment, the court reduced the attorney's fees from $5,000 to $1,500 and prejudgment interest from $1,170.78 to $350. It also reduced the amount of attorney's fees for appeals to $10,000 for an intermediate appeal and $10,000 for an appeal at the Texas Supreme Court. Barrera appeals.

## II. MOTION FOR REHEARING

Barrera's first issue alleges the trial court abused its discretion when it granted Rodriguez's motion for rehearing or new trial.

## A. Standard of Review & Applicable Law

Texas Rule of Civil Procedure 320 provides in part that "new trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct. New trials may be granted when the damages are manifestly too small or too large." TEX. R. CIV. P. 320.

A motion for reconsideration or rehearing is equivalent to a motion for new trial. *In*

---

[2] Under the Texas Rules of Civil Procedure, the motion for rehearing had already been overruled by operation of law on January 14, 2019. *See* TEX. R. CIV. P. 329b. However, the trial court still had plenary power until February 14, 2019 to vacate, modify, correct, or reform its judgment. *See id*. R. 329b(e)*; Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Accordingly, the trial court's order granting Rodriguez's motion for rehearing and entering an amended final judgment on February 11, 2019 was still timely.

*re Dixon*, 346 S.W.3d 906, 910 (Tex. App.—Tyler 2011, orig. proceeding). The standard of review for a trial court's decision on a motion for new trial or for rehearing is abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Henry v. Halliburton Energy Servs., Inc.*, 100 S.W.3d 505, 510 (Tex. App.—Dallas 2003, pet. denied). A trial court abuses its discretion when its ruling is arbitrary, unreasonable or without reference to any guiding rules or legal principles. *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

The Texas Supreme Court's jurisprudence regarding motions for new trial has evolved significantly in the last decade. In 2009, the high court held that trial courts have broad discretion to grant new trials, which may be granted for "good cause" or "in the interest of justice" but that their discretion is "not limitless." *In Re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding); *see also In re Old Am. Cty. Mut. Fire Ins. Co.*, No. 13-13-00644-CV, 2014 WL 1633098, at *8 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2014, no pet.) (orig. proceeding). Later that year, the supreme court reaffirmed its holding that a trial court abuses its discretion when it disregards a jury verdict and grants a new trial without giving its reasons for doing so. *See In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 862 (Tex. 2009) (orig. proceeding).

In 2012, the supreme court "reiterated the considerable discretion afforded trial judges in ordering new trials." *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 687 (Tex. 2012) (orig. proceeding) (citing *In re Columbia Med. Ctr.*, 290 S.W.3d at 212). In *United*

5

*Scaffolding*, the high court held that a trial court does not abuse its discretion when granting a new trial as long as it (1) provides a reason for which a new trial is legally appropriate; and (2) the order is specific enough to indicate that the trial court did not simply repeat a pro forma template but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *Id.* at 688–89. The supreme court further denounced the use of "and/or" in the list of rationales for granting a new trial where one stated rationale was "in the interest of justice and fairness" because that practice left open the possibility that "in the interest of justice and fairness" was the sole rationale, and "that is never an independently sufficient reason for granting a new trial." *Id.* at 689–90. And in 2013, the Texas Supreme Court held in *In re Toyota Motor Sales, U.S.A., Inc.* that "a trial court must explain with reasonable specificity why it has set aside a jury verdict and granted a new trial." 407 S.W.3d 746, 748 (Tex. 2013) (orig. proceeding). "Without such an explanation, parties in the case can only speculate about why the court ostensibly circumvented a critical constitutional right" or the right to a jury trial. *Id*.

In each of the foregoing cases, however, the Texas Supreme Court addressed the sufficiency of description required for orders granting a new trial following a *jury* trial. None of the cases dealt with new trial orders in non-jury cases, such as bench trials, default judgments, or summary judgments. In her concurring opinion in *In re Toyota*, Justice Lehrmann noted as follows:

> Both *Columbia* and our subsequent opinion in [*United Scaffolding*] focused on transparency in the context of setting aside jury verdicts, noting the importance of ensuring that trial courts do not impermissibly substitute their judgment for that of the jury . . . . This concern, however, is not present with respect to new-trial orders that do not set aside a jury verdict, such as orders issued after a bench trial or setting aside a default judgment.

6

Accordingly, . . . the *Columbia* line of cases does not apply to such orders.

*See* 407 S.W.3d at 762–63 (Lehrmann, J., concurring) (internal citations omitted); *see also In re Cort*, No. 14-14-00646-CV, 2014 WL 4416074, at *2 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, no pet.) (orig. proceeding) (mem. op.).

**B. Analysis**

Here, the trial court's order granting reconsideration of final judgment set forth as follows:

> [Barrera] presented its evidence and rested. [Rodriguez] presented her evidence and rested. The Court took judicial notice of its file, and reasonable attorney's fees. The Court, having considered the evidence presented, along with the arguments and authorities of counsel, finds that Defendant's Motion for Reconsideration of the Judgment is hereby GRANTED.

In the absence of further guidance from the supreme court, we decline to expand the *In re Columbia* line of cases to orders granting new trials rendered after non-jury proceedings. *See City of Mission v. Cantu,* 89 S.W.3d 795, 809 n. 21 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("As an intermediate appellate court, we are bound to follow the expression of the law as stated by the Texas Supreme Court."); *see also In re Old Am. Cty. Mut. Fire Ins. Co.*, 2014 WL 1633098, at *11 (declining to conduct a merits-based review to an order for new trial after a bench trial); *In Re Cort*, 2014 WL 4416074, at *2 (declining to interpret a new trial order after a post-answer default judgment under the *In re Columbia* line of analysis).

In the underlying case, the court's order expressed that it "considered the evidence presented and authorities of counsel" when granting the motion for rehearing. When a trial court sets forth that it based a ruling on the evidence and law before it, this is not

7

"arbitrary, unreasonable or without reference to any guiding rules or legal principles." *Bocquet*, 972 S.W.2d at 21; *Downer*, 701 S.W.2d at 241–42. We therefore conclude the trial court did not abuse its discretion when granting Rodriguez's motion for rehearing. *See id*. We overrule Barrera's first issue.

### III.   AWARD OF ATTORNEY'S FEES

Barrera's second issue challenged the trial court's reduction of attorney's fees from $5,000 to $1,500 in the amended final judgment.

### A.   Standard of Review & Applicable Law

"Texas follows the American rule on attorney's fees, which provides that, generally, 'a party may not recover attorney's fees unless authorized by statute or contract.'" *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (orig. proceeding) (citing *Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 453 n.4 (Tex. 2016)). In this case, sections 38.001(7) and (8) of the Texas Civil Practice and Remedies Code allow for the recovery of reasonable attorney's fees from an individual if the claim is for a sworn account or breach of contract claim, respectively. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001(7)–(8).

The Texas Supreme Court recently addressed the recovery and calculation of attorney's fees. *See Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469, 483 (Tex. 2019). In *Rohrmoos*, the high court held that it intended for the "lodestar analysis to apply to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed" to determine the amount of attorney's fees to be awarded. *Id.* at 497–98. The fact finder's "starting point" for calculating an

8

award of attorney's fees is "determining the reasonable hours worked multiplied by a reasonable hourly rate," and the party seeking recovery of attorney's fees bears the burden of providing sufficient evidence on both counts. *Id.* at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "This base lodestar figure should approximate the reasonable value of legal services provided in prosecuting or defending the prevailing party's claim through the litigation process." *Rohrmoos*, 578 S.W.3d at 498. "[T]here is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 499. The "base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations." *Id. at* 500 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (setting forth eight factors a factfinder should consider when determining the reasonableness of attorney's fees)).

At a minimum, "sufficient evidence" to support a fee award includes evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* at 498; *El Apple I*, 370 S.W.3d at 764. Generally, conclusory testimony devoid of any real substance" will not support an award of attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 501.

"Appellate courts review a trial court's award of attorney's fees under an abuse of discretion standard." *Mohamed v. Ctr. for Sec. Policy*, 554 S.W.3d 767, 778–79 (Tex. App.—Dallas 2018, pet. denied). "A court abuses it discretion if it rules without reference

9

to guiding rules or principles." *Id*. at 779.

**B.      Analysis**

Here, Livesay testified at trial that he was board certified in civil appellate law and

that the case was "very contentious and somewhat complicated." He further explained:

> We . . . filed and when we weren't successful on discovery or getting
> answers through discovery, we had to file motions for summary judgment
> because I was trying to streamline the case. And we filed numerous motions
> for summary judgment. We had to go through that exercise several times.
> As part of the response to the motion for summary judgment, Ms. Olivarez
> said she was entitled to $10,000 for the defense of the case . . . [a]nd I
> probably worked double on this of Ms. Olivarez, so that's the basis of my
> $20,000 request.

Applying the *Rohrmoos* factors in this analysis, we conclude that Livesay's

testimony provides evidence of the first and second factors: the particular services he

performed as Barrera's attorney, and who performed those services. *See*

578 S.W.3d at 501. The record, however, is devoid of evidence regarding the third

through fifth factors: when the services were performed, the reasonable amount of time

required to perform those services, and Livesay's hourly rate. *See id*. Barrera, as the party

seeking recovery of attorney's fees, bore the burden of providing sufficient evidence on

each of these factors. *Id.* at 498; *El Apple I*, 370 S.W.3d at 760. Based on the record

before us, it did not meet this burden.

In *El Apple*, the Texas Supreme Court ultimately overturned an award of attorney's

fees for the following reasons:

> [N]either attorney indicated how the 890 hours they spent in the aggregate
> were devoted to any particular task or category of tasks. Neither attorney
> presented time records or other documentary evidence. Nor did they testify
> based on their recollection of such records. The attorneys instead based
> their time estimates on generalities such as the amount of discovery in the

10

case, the number of pleadings filed, the number of witnesses questioned, and the length of the trial. While all this is relevant, it provides none of the specificity needed for the trial court to make a meaningful lodestar determination. The court could not discern from the evidence how many hours each of the tasks required and whether that time was reasonable. Without at least some indication of the time spent on various parts of the case, a court has little basis upon which to conduct a meaningful review of the fee award.

370 S.W.3d at 763; *see also City of Laredo v. Montano*, 415 S.W.3d 731, 736 (Tex. 2013) (where the high court held that an attorney's representation that he generated "thousands and thousands of pages," spent "a lot of time getting ready for the lawsuit," and conducted "a lot of legal research" was insufficient evidence under the lodestar analysis to establish reasonable attorney's fees); *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (overturning a fee where affidavit testimony described "involved extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial" but was not accompanied by any evidence "of the time spent on specific tasks. . . ."). We find the same lack of evidence here. Accordingly, we hold the trial court did not abuse its discretion in lowering the attorney's fees from $5,000 to $1,500 when Barrera failed to provide sufficient evidence to establish its attorney's fees.

## IV.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
10th day of December, 2020.